Dear Mr. Matherne
We are in receipt of your request of an Attorney General's opinion concerning the acreage tax set forth in LSA-R.S. 38:1674.14.
Specifically, you seek an answer to the following questions:
 1.Are the State and its subdivisions exempt from the LSA-R.S. 38:1674.14
acreage tax?
 2.Are any of the entities described in La. Const. Art. VII, Sections 20 and 21
exempt from the LSA-R.S. 38:1674.14 acreage tax?
 3.Are there any [other] entities exempt from the LSA-R.S. 38:1674.14 acreage tax?
In reference to your first question, we draw attention to LSA-R.S.38:1636. Said statute provides that, "Neither the state nor its subdivisions shall ever be liable for any taxes or forced contributions levied, assessed or imposed under the provisions of this Part. No sale for taxes of any land or property subject to tax lien for drainage district taxes imposed under the provisions of this Part shall have the effect of destroying the lien; but the property shall always remain subject to the tax lien for the drainage taxes." The "Part" referenced here is Part I of Chapter 6, Drainage Districts Requiring Leveeing and Pumping. LSA-R.S.38:1674.14 is within this part; therefore, we answer in the affirmative as to whether the state and its subdivisions are exempt from the LSA-R.S. 38:1674.14 acreage tax.
In your second question, you ask if any of the entities described in La. Const. Art. VII, Sections 20 and 21 are exempt from the LSA-R.S. 38:1674.14 acreage tax? In La. Atty.Gen. Op. No. 77-970, we stated our opinion that all ad valorem taxes are subject to homestead exemption, but since acreage taxes are not ad valorem taxes, acreage taxes are not subject to the homestead exemption provisions absent specific constitutional or legislative provisions to the contrary. Since the 38:1674.14 acreage tax likewise is not
an ad valorem tax, one can assume that the entities exempt under section 20 of the La. Constitution are similarly not exempt from the 38:1674.14 acreage tax. As for the entities listed in section 21 of the La. Constitution, "bonds", referenced in (C)(2) of La. Const. Art. VII, section 21, should be exempt from this acreage tax. For support, we reference LSA-R.S. 38:1643, which states, "All bonds issued by any drainage or sub-drainage district created, organized or reorganized under the provisions of this Part, shall be exempt from taxation." As for the other entities listed in section 21, we found no provisions that would allow these entities to be exempt.
Your final question asks if there are any [other] entities exempt from the LSA-R.S. 38:1674.14 acreage tax? Case note 50 in section 20 of La. Const. Art. VII (Acreage taxes, taxes to which exemption applies) lists no entities that are exempt from the acreage tax. Also, through review of Part I of Chapter 6 (Drainage Districts Requiring Leveeing and Pumping) in its entirety, no other provisions aside from LSA-R.S. 38:1643 listed any other entities that were exempt from this acreage tax. In light of that note, and, finding no other exempting provisions, it is our belief that there are no other entities that are exempt from the LSA- R.S.38:1674.14 acreage tax.
In conclusion, it appears that the State and its subdivisions are exempt from this acreage tax. Bonds may also be exempt from this tax. However, there exist no other entities listed in your questions that are exempt from the LSA-R.S. 38:1674.14 acreage tax. For reference, I am also enclosing Louisiana Attorney General Opinion 77-970.
We hope this opinion sufficiently answers your questions. If we can be of further assistance in this matter, please contact our office.
Sincerely yours,
 CHARLES C. FOTI, Jr. ATTORNEY GENERAL
 By:
ISAAC JACKSON JR. Assistant Attorney General
CCF.Jr./IJ, Jr./tp